IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GAMECHANGE SOLAR CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. |
| NEXTPOWER INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff GameChange Solar Corp. ("Plaintiff" or "GameChange") brings this action against Defendant Nextpower Inc. ("Defendant" or "Nextpower").

## I. FACTUAL BACKGROUND

### GameChange is an Innovator in the Utility-Scale Solar Racking and Mounting Systems

1. GameChange was founded in 2012, to address the need for more efficient, cost-effective and reliable solar mounting structures. In 2015, GameChange expanded into solar trackers, launching its award-winning Genius Tracker. Unlike traditional fixed-tilt solar systems, where panels are mounted at a static angle, solar trackers dynamically rotate and can increase a project's energy yield significantly. Over the next ten years, GameChange grew globally and launched new innovative solar and electrical grid products to provide a full end-to-end solution, from generation to distribution. Today, GameChange is one of the world's leading manufacturers of utility-scale solar tracker systems. It has over 740 employees, operates in twenty countries, and has over forty patents and patent applications relevant to GameChange's innovative tracker mechanics, actuators, software and structural innovations. GameChange was recently ranked the

world's second-largest solar tracker company by Wood Mackenzie. Exhibit C.[1]

## II. JURISDICTION AND VENUE

2. GameChange is a Delaware corporation with its principal place of business in Norwalk, CT.

3. On information and belief, Nextpower is a Delaware corporation with its principal place of business in Fremont, CA.

4. This action arises under the Patent Laws of the United States, including one or more sections of Title 35 of the U.S. Code. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1400(b) because Nextpower is incorporated in this District.

## III. COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 12,449,161

6. The facts and allegations of paragraphs 1-5 are incorporated by reference as though fully set forth herein.

7. GameChange is the assignee and sole owner of all right, title, and interest in United States Patent No. 12,449,161, entitled "Self-Shielding Photovoltaic Module Tracker Apparatus" ("the '161 Patent"), which was duly and legally issued on October 21, 2025. A true and correct copy of the '161 Patent is attached hereto as Exhibit A.

8. In violation of 35 U.S.C. § 271, Nextpower has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '161 Patent by making, using, offering for sale, selling, and/or importing its NX Horizon with Hail Pro ("the Accused Products") in the United States without the authority of GameChange.

---

[1] https://www.woodmac.com/press-releases/global-solar-tracker-market-share-2025/

9. The Accused Products infringe at least claim 1 of the '161 Patent, as set forth in the claim chart attached as Exhibit B.

10. Nextpower has also induced and continues to induce infringement of the '161 Patent pursuant to 35 U.S.C. § 271, including at least claim 1, by actively and intentionally encouraging others to make, use, sell, offer to sell, and/or import into the United States the Accused Products, including by encouraging its customers, operators, and end users to use the Accused Products in an infringing manner.

11. Using the Accused Products constitutes direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '161 Patent, as described, for example, in Exhibit B.

12. Nextpower knowingly and intentionally encourages at least its customers to directly infringe the '161 Patent. For example, Nextpower provides advertising material and documentation instructing customers to use the Accused Products and components thereof in an infringing manner. For example, Nextpower's public materials for NX Horizon with Hail Pro state that the system is "engineered for the swift response that severe weather demands," combines "high-speed, high-angle stowing with autonomous row-level control and resilient communications," and includes configurable automated stowing triggered by weather-forecast integration as well as manual stow activation. Nextpower further advertises that NX Horizon with Hail Pro provides an ultra-steep 75° stow capability, weather-responsive control using high-resolution forecasts and local conditions, thereby directing and encouraging customers and operators to use the Accused Products in an infringing manner.[2]

---

[2] *See* https://nextpower.com/products/trackers/nx-horizon-hail-pro (last accessed September 8, 2026).

13. Nextpower has also contributorily infringed and continues to contributorily infringe the ’161 Patent by offering to sell and selling within the United States, and/or importing into the United States, the Accused Products and components thereof that constitute a material part of the invention claimed in the ’161 Patent. The Accused Products and components thereof are especially made or especially adapted for use in infringing the ’161 Patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. On information and belief, the Accused Products are designed, configured, marketed, and supplied specifically for use in utility-scale solar tracker systems in which photovoltaic module rows are rotated, stowed, and controlled to provide the technology claimed in the ’161 Patent.

14. GameChange has been irreparably harmed by Nextpower’s infringement of the ’161 Patent and will continue to be harmed unless and until Nextpower’s infringement is enjoined by this Court.

15. GameChange has been damaged as a result of Defendant’s infringing conduct. Defendant is therefore liable to Nextpower for damages in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. To the extent required, GameChange and its predecessors-in-interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’161 Patent, including by way of a notice letter from Scott Van Pelt to the attention of Lindsey Wiedmann at Nextpower and dated September 3, 2026, and GameChange is entitled to damages for Nextpower’s past infringement.

17. Nextpower has been aware of the ’161 Patent and its infringement of the same since at least GameChange’s letter dated September 3, 2026 from Scott Van Pelt to the attention

of Lindsey Wiedmann at Nextpower.

## IV. GAMECHANGE'S PRAYER FOR RELIEF

WHEREFORE, GameChange respectfully requests that this Court enter judgement in its favor and grant the following relief:

a. Judgment that Nextpower infringes the '161 Patent;

b. Enter an order permanently enjoining Nextpower and its subsidiaries, officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '161 Patent;

c. Award GameChange damages in an amount sufficient to compensate it for Nextpower's infringement for one or more claims of the '161 Patent;

d. An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

e. An Order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

f. An award to GameChange of its costs and attorneys' fees incurred in this action; and

g. An Order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

## V. GAMECHANGE'S DEMAND FOR JURY TRIAL

GameChange hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Emily S. DiBenedetto*
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiff GameChange Solar Corp.*

OF COUNSEL:
Frank A. DeCosta III, Ph.D.
Christian Sanders
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

Matthew C. Berntsen
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Two Seaport Lane
Boston, MA 02210
(617) 646-1600

Jinwoo Kim
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Stanford Research Park
3300 Hillview Avenue
2nd Floor
Palo Alto, CA 94304
(650) 849-6600

Dated: September 9, 2026